Judge Owsley
delivered the Opinion of the Court.
"Campbell, who was one of the executors named jn the will of Turner Morris, deceased, after the death of Morris, was appointed by the^eounty court of Jessamine, guardian to John Morris, the infant son 0f (|1C testator.
Campbell continued to act in the capacity of guardian for several years, and until he was displaced by the county court appointing Joel P. Williams guardian for the said John Morris.
After this, commissioners were appointed to adjust and settle the accounts of Campbell, as guardian. The commissioners accordingly performed the duty assigned them, and made report thereof to the county court, where it was ordered to be recorded.
By this report there appears to be a balance of seven hundred and fifty-live dollars and eighty-two cenfs favor of Campbell, for which he sets up a claim against the estate of the ward, in, the hands *123 of Williams, as the present guardian, and exhibited his bill in equity, praying a decree against Williams for the amount, &c.
Williams» answer and eross '
Campbells, wiHíams» cross bilí,
Commissioner.s aPPoint' counts, and their report,
Williams answered, and, by appropriate allegations, made his answer a cross bill, admitting the appointment of Campbell as guardian to the infant son, John Morris, and his continuance to act in that capacity until he (Williams) was afterwards appointed. Butin his answer, he protests'against the justice.of Campbell’s claim, and charges, that in adjusting the accounts of Campbell, as guardian, and in making report thereof to the county court, the commissioners erred in various particulars.
1st. That they refused to allow interest against Campbell on the amount of personal property sold by him,, and on the proceeds of land rented and slaves hired for the ward.
2nd. That they failed to allow the full amount received by Campbell for the hire of the slaves.
3rd. That more was allowed Campbell far his services, as guardian, than was either just or lawful.
4th. .That Campbell was allowed for disbursements, sums to which he was not entitled, and which are unjust, &c.
In his cross bill, Williams asks for a correction of the accounts, and prays a decree for whatever may be ascertained to be due from Campbell to hia ward, upon an accurate settlement of his accounts, as guardian, &c.
Campbell responded to the cross bill, urging the justness of the demand asserted by him in his original bill, and insisting upon the correctness of the report made by the commissioners appointed by the county court.
In the progress of the cause, the circuit court re-“erred the accounts to an auditor, without giving any special instructions tor his government, m making out a report. The auditor, however, made a statement of the accounts, and reported to court. The report presents the accounts in a two fold-aspect. In one, Campbell is found debtor gl,332 11 3-4, and in the other, a balance of gl,l ¡6 54 3-4, is reported against him.
Decree of (he circuit court against Campbell.
Settlement of guardian’# accounts by commissioners appointed by the county court, returned and ordered to bo rccor Icl, is, prima facie, correct, an.i the parly who would afterwards assail it, must prove his exceptions.
Credits allowed the guardian in such settlement, shall not be disallowed in a subsequent suit, unless they, be proved false or unjust.
Guardian iball not, t nvever, -jió allowed more than five per cent, upon the amount of the estate.
Guardian who foils to make an annual settlement with the epunty court,, shall pay interest on the balance, to be ascertain», ed in each year.
*124 Exceptions were take» to this report by Cattipbe!!'; hut they were overruled by the court, and a decree for Hie latter amount pronounced against him,'in favor of Williams, upon the cross bilU'
From that'decree,, Campbell appealed.'
Before we, examine the merits of the decree, it ia proper to premise, that as a settlement of the accounts of Campbell was made and approved by the county court, and as no notice was'given at the time the accounts were passed, that any article thereof would, he excepted to', the settlement must, primafacie, he presumed correct, unless shown to be false-or, unjust by Williams, the present guardian. Such is the effect which a settlement of a guardian’s accounts by the county court, is declared by the statutes of this country (1 Dig. L. K. 643) to-baye, and such must be the effect, to be given to the settlement with Campbell by the'county court, in reviewing'the decree which was pronounced against him in the present contest, by the court below.
Thus considering the effect of that settlement, we rarrhava no hesitation in declaring that the.report of the. auditor, upon which the decree was predicated, cannot, to its full extent, be sustained. The auditor has excluded many items which were contained in the account of Campbell, and, which werb allowed by tire county court in the settlement, for disbursements. and we have been utterly incapable of discovering any evidence in the reco'rd, conducing to prove that any one of those items is either false or unjust. The exceptions which were taken to the addttorts report, so far' as they’relate to‘items of that sort, ought, therefore, to have'been'sustained, and'the decree must, consequently, be reversed.
But as the c’auso'must'be'femanded to the' court below, it is proper to remark, that in allowing Campbell more than live per centum upon the a-mou'nt of the estate of bis ward, which came to his hands as guardia», for ¡¡is personal services in managing the estate, the' settlement with ‘the county dourt is unjust, and,ought to be corrected. "
It was al,so incorrect, in that settlement, not to charge Campbell with intercst on the amount wliiclr was found duo from him.at the end of each year. As *125 guardian, it was his duty to settle with the county court at least once every year, and as he failed to do so, he should be charged with interest on the amount which would have been found against him, in each year, if a settlement had been made.
In a bill by the superseded guardian against his successor, for balance, and cross bill by defendant against complainant for balance of the effects of the ward claimed-by each to be in the others hands, the ward must b<i a party.
Decree reversed for want of .proper parties, andi'having been for actor on the ’ merits, remanded for proper parties to be made, by uniting a complainant in one case, and making a defendant in' the other.
Payne for appellant; Daviess for appellee.
In taking the account, it will, also, be correct to charge Campbell with any additional sum, for which he may be proved to have hired the slaves of his ward, or rented his lands, or otherwise received for the sale of his personal property. The cross bill of Williams controverts the correctness of the settlement in that respect, and upon proof of the incorrectness, it would be competent, after causing the proper parties to be brought before the court, to make the correction.
Bqt neither in the original nor cross bill,* are the necessary parties made, to authorize a decree upon the merits. The pbject of the original bill of Campbell, is, to recover a demand which he claims against the estate of the infant, fqr whom Williams is now guardian, and the object of Williams’ cross bill, is, to recover the. amount which he alleges to be due his ward from Campbell, as the former, guardian, so that in fact the ward is essentially interested in the demand asserted by the complainant in each bill, and, upon well settled principles, ought to be made a party in each case, before a decree is pronounced, upon the merits.
The decree must, consequently, .be reversed, and the cause remanded to the court, below, with permission to Campbell, by an amendment to his original bill, to make the ward a party, and on his failure to do so, for that court to dismiss his hill with costs. Williams should, also, be permitted, to., »- mend his cross bill, by uniting his ward as a complainant, and if lie should fail to do, so, within such time as the court may allow, his bill must be dismissed with costs. 13ut should thé ward be. iqade á party by both or either of the complainants in the court below, the suit or suits, as the case may be, should be prepared for a final hearing, and such a decree pronounced as may not be inconsistent with the principles of this opinion, and the equity of the case. Williams must pay the costs in this court,